**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN B. AUBREY, Individually** | § | |
| **STEVEN B. AUBREY, as Beneficiary** | § | |
| **of the AUBREY FAMILY TRUST,** | § | |
| **and BRIAN E. VODICKA,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **No. 3:19-cv-02792-N-BK** |
| | § | |
| **THE ESTATE OF IRA TOBOLOWSKY** | § | |
| **et al.,** | § | |
| *Defendants*. | § | |

---

**DEFENDANT DISTRICT JUDGE ERIC VAUGHN MOYÉ'S MOTION TO DISMISS**
**PURSUANT TO RULE 12(b) AND BRIEF IN SUPPORT**

---

KEN PAXTON
Attorney General of Texas

SHANNA E. MOLINARE
Assistant Attorney General
Chief, Law Enforcement Defense Division

JEFFREY C. MATEER
First Assistant Attorney General

LANDON A. WADE
Assistant Attorney General
Texas State Bar No. 24098560

DARREN L. MCCARTY
Deputy Attorney General for
Civil Litigation

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 469-3144
landon.wade@oag.texas.gov

**ATTORNEYS FOR DEFENDANT JUDGE ERIC VAUGHN MOYÉ**

i

# TABLE OF CONTENTS

I.      Claims against Judge Moyé. ................................................................................... 1

II.     Plaintiffs' claims are barred by official, judicial, or Eleventh Amendment
        immunity. ................................................................................................................ 4

a.      Plaintiffs' claim that "Tobolowsky bribed, extorted or threatened Judge Eric Moyé to
        issue an order finding Aubrey was a vexatious litigant" fails to state a claim or overcome
        Judge Moyé's judicial immunity. .......................................................................... 4

b.      Plaintiffs' complaints about Judge Moyé's conduct during a court hearing on March 10,
        2016, are barred by judicial immunity. ................................................................. 6

c.      Plaintiffs' claims that Judge Moyé violated judicial canons, the Texas Code of Criminal
        Procedure, and local rules are barred by judicial immunity. ................................ 7

III.    Plaintiffs' suit against Judge Moyé is barred by issue preclusion. ...................... 9

a.      Plaintiffs' Litigation History. ................................................................................ 9

b.      Plaintiffs' suit against Judge Moyé is barred by collateral estoppel and *res judicata*. ...... 10

c.      *Res Judicata* Under Texas Law. ........................................................................... 12

d.      Collateral Estoppel Under Texas Law. ................................................................ 12

e.      The Final Judgment in Plaintiffs' prior Texas suit against Judge Moyé bars the claims in
        the present litigation. .......................................................................................... 12

IV.     All state common law claims alleged against Judge Moyé are barred by Tex.
        Civ. Prac. & Rem. Code § 101.053. .................................................................... 14

a.      A suit against a state court judge based on his judicial rulings in a case duly assigned to
        him and over which he had jurisdiction is an official-capacity suit barred by the Eleventh
        Amendment. ........................................................................................................ 14

b.      Statements made by a participant of and in connection with a judicial proceeding are
        privileged and may not form the basis of a civil suit. ......................................... 17

c.      A claim that a judge civilly or criminally conspired with others does not defeat
        judicial immunity. ............................................................................................... 18

V.      Plaintiffs' claims are barred by the applicable statute of limitations. ............... 19

CONCLUSION ...................................................................................................................... 21

CERTIFICATE OF SERVICE ............................................................................................. 22

## TABLE OF AUTHORITIES

Page(s)

Cases

*Allen v. McCurry,*
  449 U.S. 90 (1980)....................................................................................... 11

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..................................................................................... 18

*Aubrey v. D Magazine Partners,*
  No. 3:19-CV-0056-B, 2019 WL 2549458 (N.D. Tex., June 20, 2019) .......... 2, 4, 6, 10

*Ballard v. Wall,*
  413 F.3d 510 (5th Cir. 2005)....................................................................... 14

*Boyd v. Biggers,*
  31 F.3d 279 (5th Cir. 1994)........................................................................... 5

*Bradt v. West,*
  892 S.W.2d 56 (Tex. App.—Houston [1st Dist.]1994, writ denied........................... 7

*Brandon v. Holt,*
  469 U.S. 464 (1985)..................................................................................... 15

*Burns v. Reed,*
  500 U.S. 478 (1991)..................................................................................... 17

*Cable Holdings of Battlefield, Inc. v. Cooke,*
  764 F.2d 1466 (11th Cir. 1985)................................................................... 11

*Citizens Ins. Co. of America v. Daccach.,*
  217 S.W.3d 430 (Tex. 2007)....................................................................... 12

*Clawson v. Wharton County,*
   941 S.W.2d 267 (Tex. App.—Corpus Christi, 1996 pet. denied ............................... 4

*Comer v. Murphy Oil USA, Inc.,*
   839 F.Supp.2d 849 (S.D. Miss. 2012) ...................................................................... 11

*Davis v. Tarrant Cty.,* Tex.,
   565 F.3d 214 (5th Cir. 2009) ................................................................................. 5, 8

*Dennis v. Sparks,*
   449 U.S. 24 (1980) ................................................................................................ 4, 18

*First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.,*
   747 F.2d 1367 (11th Cir. 1984) ............................................................................... 11

*Forrester v. White,*
   484 U.S. 219 (1988) .................................................................................................... 9

*Franka v. Velasquez,*
   332 S.W.3d 367 (Tex. 2011) ...................................................................................... 14

*Gartrell v. Gaylor,*
   981 F.2d 254 (5th Cir. 1993) ..................................................................................... 20

*Gill v. Texas,*
   153 F. App'x 261 (5th Cir. 2005) ................................................................................ 8

*Gonzales v. Wyatt,*
   157 F.3d 1016 (5th Cir. 1998) ................................................................................... 20

*Holloway v. Walker,*
   765 F.2d 517 (5th Cir. 1985) ..................................................................................... 18

*Honig v. Doe,*
   484 U.S. 305 (1988) ................................................................................................... 16

*Howell v. Hecht,*

821 S.W.2d 627 (Tex. App.—Dallas 1991, writ denied) ........................................... 7

*Johnson v. Wichita Falls Hous. Auth.,*
   No. 2-06-416-CV, 2007 WL 4126475 (Tex. App.—Ft. Worth, Nov. 21, 2007, no pet.)
   ................................................................................................................................ 17

*Jones v. Alcoa, Inc.,*
   339 F.3d 359 (5th Cir. 2003).................................................................................... 20

*Kentucky v. Graham,*
   473 U.S. 159 (1985).................................................................................................. 15

*King-White v. Humble Indep. Sch. Dist.,*
   *803* F.3d 754 (5th Cir. 2015).................................................................................... 21

*Kizzire v. Baptist Health Sys., Inc.,*
   441 F.3d 1306 (11th Cir. 2006)................................................................................ 11

*Luttrell v. El Paso County,*
   555 S.W.3d 812 (Tex. App.—El Paso 2018, no pet.) ................................................. 6

*Martinez v. Tex. Dep't of Criminal Justice,*
   300 F.3d 567 (5th Cir. 2002)................................................................................... 15

*McClain v. Yeakel,*
   No. A-15-CA-080-SS, 2015 WL 1003867 (W.D. Tex. Mar. 5, 2015) ......................... 5

*McIntyre v. Wilson,*
   50 S.W.3d 674 (Tex. App.—Dallas 2001, pet. denied) ............................................ 17

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n,*
   457 U.S. 423 (1982).................................................................................................. 13

*Minor v. State of Texas,*
   62 F.3d 395 (5th Cir. 1995)..................................................................................... 14

*Mireles v. Waco,*
  502 U.S. 9 (1991) ............................................................................... 6

*Mitchell v. McBryde,*
  944 F.2d 229 (5th Cir. 1991) ......................................................... 18

*Moore v. Sims,*
  442 U.S. 415 (1979) ......................................................................... 13

*Morrison v. Walker,*
  704 F. App'x 369 (5th Cir. 2017) ..................................................... 7

*ODonnell v. Harris Cnty,*
  227 F.Supp. 3d 706 (S.D. Tex. 2016) ........................................... 13

*Okpalobi v. Foster,*
  244 F.3d 405 (5th Cir. 2001) ......................................................... 15

*Oreck Direct LLC v. Dyson Inc.,*
  560 F.3d 398 (5th Cir. 2009) ......................................................... 11

*Pennzoil Co. v. Texaco Inc.,*
  481 U.S. 1 (1987) ............................................................................. 13

*Pierson v. Ray,*
  386 U.S. 547 (1967) ........................................................................... 5

*Piotrowski v. City of Houston,*
  237 F.3d 567 (5th Cir. 2001) ......................................................... 20

*Planned Parenthood of Houston & Southeast Texas v. Sanchez,*
  403 F.3d 324 (5th Cir. 2005) ......................................................... 16

*Seminole Tribe of Florida v. Florida,*
  517 U.S. 44 (1996) ........................................................................... 16

*Shaw v. Villanueva,*
  918 F.3d 414 (5th Cir. 2019) ................................................................................... 18

*Sparks v. Duval Cty. Ranch Co.,*
  588 F.2d 124 (5th Cir.) ............................................................................................. 4

*Spurlock v. Johnson,*
  94 S.W.3d 655 (Tex. App.—San Antonio, 2002, no pet.) ......................................... 8

*State of Texas v. Allan Const. Co.,*
  851 F.3d 1526 (5th Cir. 1988) ................................................................................. 19

*Terrell v. Sisk,*
  111 S.W.3d 274 (Tex. App.—Texarkana 2003, no pet) ........................................... 15

*Texas D.P.S. v. Petta,*
  44 S.W.3d 575 (Tex. 2001) ...................................................................................... 12

*Twilligear v Carrell,*
  148 S.W. 3d 502 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ................... 8

*Valdez v. Hollenbeck,*
  465 S.W.3d 217 (Tex. 2015) .................................................................................... 19

*Vodicka v. A.H. Belo Corp.,*
  No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018, pet.
  denied) ...................................................................................... 2, 9, 10, 17

*Wallace v. Kato,*
  549 U.S. 384 (2007) ................................................................................................ 20

*Will v. Michigan Dept. Of State Police,*
  491 U.S. 58 (1989) .................................................................................................. 14

Statutes

18 U.S.C. §1344 and §1341 ........................................................................................ 3

18 U.S.C. §1503 and §1512 ............................................................................ 3

18 U.S.C. § 1951 .......................................................................................... 3

18 U.S.C. § 2314 .......................................................................................... 3

18 USCA §  1962 ........................................................................................ 19

28 U.S.C.A. § 1738 ..................................................................................... 11

42 U.S.C. § 1983 ................................................................................... passim

Tex. Civ. Prac. & Rem. Code §11.01 ....................................................... 5

Tex. Civ. Prac. & Rem. Code § 16.003(a) .............................................. 20

Tex. Civ. Prac. & Rem. Code § 101.053 ..................................... ii, 14, 21

Tex. Const. art. 5, § 6 ............................................................................. 5, 8

Tex. Gov't. Code § 21.002 ......................................................................... 6

Tex. Gov't. Code § 22.220(a) ................................................................ 5, 8

Rules

Fed. R. Civ. P. 12(b)(1) ..................................................................... 1, 9, 21

Fed. R. Civ. P. 12(b)(6) ................................................................. 18, 20, 21

Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6) ................................................. 1

Tex. R. App. P. 25.1 ............................................................................... 5, 8

Tex. R. Civ. P. 18a and 18b ..................................................................... 7

Texas Code of Judicial Conduct Canon 3(B)(10) ..................................................... 3, 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN B. AUBREY, Individually** | § | |
| **STEVEN B. AUBREY, as Beneficiary** | § | |
| **of the AUBREY FAMILY TRUST,** | § | |
| **and BRIAN E. VODICKA,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **No. 3:19-cv-02792-N-BK** |
| | § | |
| **THE ESTATE OF IRA TOBOLOWSKY** | § | |
| **et al.,** | § | |
| *Defendants*. | § | |

---

**DEFENDANT DISTRICT JUDGE ERIC VAUGHN MOYÉ'S MOTION TO DISMISS**
**PURSUANT TO RULE 12(b) AND BRIEF IN SUPPORT**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant, The Honorable Eric Vaughn Moyé, Texas District Court Judge sitting in Dallas County, Texas, in his individual and official capacities, moves this Court to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim) dispenses with the requirement of filing an answer unless such motion is denied.

## I.   Claims against Judge Moyé.

On May 13, 2016, Ira Tobolowsky, a lawyer who was involved in state-court litigation against Plaintiffs Brian Vodicka and Steven Aubrey, died in an arson fire in his garage. Judge Eric Vaughn Moyé was the presiding judge. Plaintiffs claim that "Tobolowsky bribed, extorted or threatened Judge Eric Moyé to issue an order finding Aubrey was a vexatious litigant" in that litigation. ECF 3 (Complaint) at ¶¶ 52,62,

1

99. Plaintiffs claim that during a court hearing on March 10, 2016, Judge Moyé spoke harshly to Aubrey, threatened to jail him, ordered a sheriff's deputy to escort Aubrey to his car to get his phone, issued *ex parte* orders, accused Aubrey of murder, and recused himself from the case. *Id*. at ¶¶63-66, 82.  Each of these claims were or could have been litigated in previous suits filed by Plaintiffs against Judge Moyé; they make substantially the same allegations as have been made in previous lawsuits, and they are therefore barred by collateral estoppel and *res judicata. See Vodicka v. A.H. Belo Corp.,* No. 05-17-00728-CV, 2018 WL 3301592, at *10–11 (Tex. App.—Dallas July 5, 2018, pet. denied) (mem. op.) (affirming Judge Cosby's[1] order finding Aubrey to be a vexatious litigant and affirming dismissal of defamation claims made against Judge Moyé).  In that litigation, Aubrey claimed, as he does here, that Judge Moyé accused him of murder.  *Id*. at *5, 7:

   In *Aubrey v. D Magazine Partners,* No. 3:19-CV-0056-B, 2019 WL 2549458 (N.D. Tex., June 20, 2019), Plaintiffs sued Judge Moyé again, making substantially the same claims as they did in *Vodicka v. A.H. Belo Corp.* and also in the present litigation. In *Aubrey v. D Magazine Partners*, Plaintiffs alleged that on May 18, 2016, "Judge Moyé accused Aubrey of murder when he recused himself in the case between Plaintiffs and the now-deceased Tobolowsky." 2019 WL 2549458, at *1. Plaintiffs brought claims for due process violations and intentional infliction of emotional distress. The court dismissed Aubrey's claim against Judge Moyé, concluding that Judge Moyé was entitled to absolute judicial immunity. *Id*. at *4.

---

[1] The Honorable Donald Cosby presided over the case after Judge Moyé recused himself.

Plaintiffs further claim that Judge Moyé conducted hearings that they were not allowed to attend and suggested that Plaintiffs were connected to Tobolowsky's murder and that he would decide against Plaintiffs in the then-pending litigation in violation of Texas Code of Judicial Conduct Canon 3(B)(10). ECF 3 at ¶¶72, 76, 81.

Plaintiffs also claim that on November 23, 2015, Judge Moyé awarded attorneys' fees as a sanction against them; that on March 17, 2016, he found them in contempt of court based on Tobolowsky bribing him; and that on March 30, 2016, Judge Moyé ignored Aubrey's motion to appoint counsel in violation of Tex. Code Crim. Proc. §1.051(c) and Dallas County Local Rules. ECF 3 at ¶¶83–85, 90–94, 98, 110.

Plaintiffs further claim that "Tobolowsky engaged in patterns of extortion in violation of 18 U.S.C. § 1951, conspiring with the judges to take Plaintiffs' property under color of official right", resulting in Judge Moyé issuing attorneys' fees sanctions against Plaintiffs on November 23, 2015 and February 18, 2016. ECF 3 at ¶122, 124, 125.

Plaintiffs also generally allege that Judge Moyé and other defendants "executed a scheme" to obtain things of value from "financial institutions" and to commit mail, mortgage, and wire fraud in violation of 18 U.S.C. §1344 and §1341. ECF 3 at ¶129, 132, 157. Leaving the reader to guess at the facts, they further state that unspecified "[a]pplicable defendants" concealed unidentified "records" to prevent their court-use in violation of 18 U.S.C. §1503 and §1512, and conspired to defraud them by inducing persons to be transported in interstate commerce in violation of 18

U.S.C. § 2314.  ECF 3 at ¶¶159, 162.

As relief, Plaintiffs request compensatory and punitive damages, attorneys' fees, costs, and an injunction enjoining defendants from disseminating any further defamatory information regarding Plaintiffs. ECF 3 at ¶¶ 173–176.  This is the identical relief requested but denied in *Aubrey v. D Magazine Partners*, No. 3:19-CV-0056-B, 2019 WL 2549458 (N.D. Tex., June 20, 2019) (Docket Entry No. 54, ¶¶ 99-101).

## II. Plaintiffs' claims are barred by official, judicial, or Eleventh Amendment immunity.

### a. Plaintiffs' claim that "Tobolowsky bribed, extorted or threatened Judge Eric Moyé to issue an order finding Aubrey was a vexatious litigant" fails to state a claim or overcome Judge Moyé's judicial immunity.

Plaintiffs claim that "Tobolowsky bribed, extorted or threatened Judge Eric Moyé to issue an order finding Aubrey was a vexatious litigant" in litigation where they and Tobolowsky were parties.  ECF 3 at ¶¶ 52,62, 99. There is no evidence whatsoever to support these conclusory allegations. Nevertheless, Judge Moyé's order in that case was a judicial act that is protected by judicial immunity, regardless of whether the order is supported by legal authority, or was motivated by bribes, malice, resentment, bias, or any other improper basis. *Sparks v. Duval Cty. Ranch Co.,* 588 F.2d 124, 125–26 (5th Cir.), *on reh'g*, 604 F.2d 976 (5th Cir. 1979), *aff'd sub nom*. *Dennis v. Sparks*, 449 U.S. 24 (1980) (holding that where plaintiffs claimed that the judge was bribed and conspired with other defendants to issue favorable rulings, judicial immunity barred suit against the judge); *Clawson v. Wharton County,* 941 S.W.2d 267, 272 (Tex. App.—Corpus Christi, 1996 pet. denied) (determining that a

prosecutor accused of taking bribes still enjoys absolute immunity); *McClain v. Yeakel,* No. A-15-CA-080-SS, 2015 WL 1003867, at *2 (W.D. Tex. Mar. 5, 2015), report and recommendation adopted sub nom. *McClain v. Yeakel,* No. A-15-CA-80-SS, 2015 WL 1519183 (W.D. Tex. Mar. 31, 2015) (noting that a judge is absolutely immune for all judicial acts "however erroneous the act and however evil the motive"); *Pierson v. Ray,* 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly . . . His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption."); *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994) (holding that an allegation that a judge "acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity"). Thus, Plaintiffs' unproven allegation that Judge Moyé had been bribed, extorted, or threatened to issue adverse rulings is barred by judicial immunity. *Davis v. Tarrant Cty.,* Tex., 565 F.3d 214, 221 (5th Cir. 2009) (stating that "[m]otive of the judicial officer is irrelevant when considering absolute immunity").

When a Texas litigant perceives that an order of a trial court was issued in error and is inconsistent with or violative of applicable law, the exclusive remedy is to proceed to the appellate court with jurisdiction over the case. *See* Tex. Const. art. 5, § 6; Tex. Gov't. Code § 22.220(a); Tex. R. App. P. 25.1. A judge is conferred judicial authority to declare litigants vexatious and thus acts in a judicial capacity when issuing such an order. *See* Tex. Civ. Prac. & Rem. Code §11.01. Accordingly, this claim is barred by Judge Moyé's judicial immunity.

5

### b. Plaintiffs' complaints about Judge Moyé's conduct during a court hearing on March 10, 2016, are barred by judicial immunity.

Plaintiffs claim that during a court hearing on March 10, 2016, Judge Moyé threatened to jail Aubrey, ordered a sheriff's deputy to escort Aubrey to his car to get his phone, issued *ex parte* orders, accused Aubrey of murder, and recused himself from the case. ECF 3 at ¶¶63-66, 82. Plaintiffs also claim, without any factual support, that on November 23, 2015, Judge Moyé awarded attorneys' fees as a sanction against them and that on March 17, 2016, he found them in contempt of court based on Tobolowsky bribing him. ECF 3 at ¶¶83-85, 98,110.

Each of Judge Moyé's acts are judicial functions and are protected by judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11–13 (1991) (holding that a judge's order to a police officer to use excessive force to bring attorney into court was entitled to immunity); *Aubrey v. D Magazine Partners,* No. 3:19-CV-0056-B, 2019 WL 2549458 at *1, 4 (N.D. Tex., June 20, 2019) (holding that Plaintiffs' claim that Judge Moyé accused Aubrey of murder when he recused himself in the case between Plaintiffs and Tobolowsky was barred by judicial immunity). Plaintiffs' claims related to Judge Moyé's orders, therefore, are barred by judicial immunity.

If a judge has jurisdiction to take the action that is the basis for the suit against him, judicial immunity bars a suit based on that action. The authority of a judge to deal harshly with litigants to enforce court orders and ensure compliance with court directives is well settled. *See* TEX. GOV'T. CODE § 21.002; *Luttrell v. El Paso County,* 555 S.W.3d 812, 839 (Tex. App.—El Paso 2018, no pet.) (finding that a judge was clearly acting in his judicial capacity when he entered contempt judgments assessing

fines and court costs, as those are all acts normally performed by judges); *Morrison v. Walker,* 704 F. App'x 369, 374 (5th Cir. 2017) (rejecting claim that a judge was not entitled to judicial immunity when he unlawfully held plaintiff in contempt of court).

### c. Plaintiffs' claims that Judge Moyé violated judicial canons, the Texas Code of Criminal Procedure, and local rules are barred by judicial immunity.

Plaintiffs claim that Judge Moyé conducted hearings that they were not allowed to attend, and that he made statements suggesting that that he would decide against them in violation of Texas Code of Judicial Conduct Canon 3(B)(10). ECF 3 at ¶¶72, 76, 81. They further claim that Aubrey filed a motion to appoint counsel, which was ignored in violation of Tex. Code Crim. Proc. §1.051(c) and Dallas County Local Rules. ECF 3 at ¶¶83-85, 90-94, 98,110.

Alleged violations of ethical rules by judges do not state a claim. *Howell v. Hecht,* 821 S.W.2d 627, 632 (Tex. App.—Dallas 1991, writ denied) (stating "that the Texas Code of Judicial Conduct does not create a private cause of action"). If a judge makes a statement that he is inclined to rule against a party due to a personal bias, as Plaintiffs allege Judge Moyé to have done, the exclusive remedy is to move to recuse pursuant to Tex. R. Civ. P. 18a and 18b. At the time these statements were allegedly made, Judge Moyé had not yet recused himself; consequently, he retained jurisdiction of the case, and his actions were thus protected by judicial immunity. *See Bradt v. West,* 892 S.W.2d 56, 68 (Tex. App.—Houston [1st Dist.]1994, writ denied).

Regarding the allegation that Judge Moyé conducted *ex parte* hearings that Plaintiffs were not allowed to attend, errors by a trial court are reviewed by appeal—not by filing suit against the judge. When a Texas litigant perceives that an order of

a trial court was issued in error and is inconsistent with or violative of applicable law, the exclusive remedy is to proceed to the appellate court with jurisdiction over the case. *See* TEX. CONST. art. 5, § 6; TEX. GOV'T. CODE §22.220(a); TEX. R. APP. P. 25.1. Moreover, alleged violations of criminal statutes or civil rules do not create a viable claim. *Spurlock v. Johnson,* 94 S.W.3d 655, 658 (Tex. App.—San Antonio, 2002, no pet.); *Gill v. Texas*, 153 F. App'x 261, 262-64 (5th Cir. 2005).

Plaintiffs claim that Judge Moyé refused to appoint him an attorney also fail because the setting and conducting of hearings, communicating with parties and their attorneys, and appointing attorneys are judicial acts protected by judicial immunity. TEX. CODE CRIM. PROC. §§ 1.051(b-c), 26.04 (conferring judicial authority to a judge to appoint counsel as a judicial function); *Davis v. Tarrant County Tex.,* 565 F.3d 214, 224, 226  (5th Cir. 2009) ("[T]he appointment of counsel to represent indigent defendants is a function normally performed by a judge acting in his judicial capacity…the act of appointing counsel in a particular case… is clearly a judicial act, and therefore that the judges' acts at issue in this suit must be considered to be protected by judicial immunity.").

In *Twilligear v Carrell,* 148 S.W. 3d 502 (Tex. App.—Houston [14th Dist.] 2004, pet. denied.), the court distinguished a judge's judicial functions from his administrative, legislative, or executive acts. The court enumerated nonjudicial acts as (1) selecting jurors for a county's courts; (2) promulgating and enforcing a code of conduct for attorneys; and (3) making personnel decisions regarding court employees and officers. *Id.* at 504–05. None of the claims made against judge Moyé are

"administrative, legislative, or executive" acts. *Id.* "[T]he informal and *ex parte* nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character." *Forrester v. White,* 484 U.S. 219, 227 (1988).

Plaintiffs' claims fail to overcome judicial immunity. They should therefore be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1).

### III.    Plaintiffs' suit against Judge Moyé is barred by issue preclusion.

#### a.    Plaintiffs' Litigation History.

As discussed, Plaintiffs have filed previous lawsuits against Judge Moyé alleging the same misconduct as alleged in the instant suit. *Vodicka v. A.H. Bello,* Case No. DC-26-12693 (Dallas District Court, March 7, 2017), *aff'd, Vodicka v. A.H. Belo Corp.,* No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018, pet. denied) (mem. op.). *See* Exhibit 5 (App. 53-64). Plaintiff Aubrey was thereafter found to be a vexatious litigant and was sanctioned for his frivolous suit. *See* Exhibits 2-4 (App. 42-52).

Following that dismissal, Plaintiffs sued Judge Moyé a second time in federal court in Florida and a third time in Dallas federal court. *See* Exhibits 6-7 (App. 65-90). The instant suit is the fourth time that Plaintiffs have sued Judge Moyé for the same alleged misconduct. The appended exhibits demonstrate the Plaintiffs' litigious history against Judge Moyé:

**Exhibit 1**:   First Amended Petition filed by Aubrey and Vodicka, January 27, 2017 (App. 2-41).

**Exhibit 2**:   Order Declaring Steven B. Aubrey a Vexatious litigant, March 1, 2017 (App. 42-44).

**Exhibit 3**:   Order Dismissing Petition's Claim Against Judge Moyé March 1, 2017 (App. 45-47).

**Exhibit 4**:   Final Judgment, March 7, 2017 (App. 48-52).

**Exhibit 5**:   *Aubrey and Vodicka v. A.H. Belo Corp.,* No. 05-17-00728-CV, 2018 WL 3301592 (Tex. App.—Dallas July 5, 2018, pet. denied) (affirming dismissal of libel suit against Judge Moyé) (App. 53-64)

**Exhibit 6**:   *Aubrey and Vodicka v. D Magazine Partners, L.P.  Judge Eric Vaughn Moyé, et al.,* No. 18-cv-61117-BLOOM/Valle (S. D. Fl. Nov. 8, 2018) (dismissing claims against Judge Moyé) (App. 65-84).

**Exhibit 7**:   *Aubrey v. D Magazine Partners,* No. 3:19-CV-0056-B, 2019 WL 2549458 (N.D. Tex., June 20, 2019) (Vodicka and Aubrey's claims against Judge Moyé ordered dismissed) (App. 85-90).

Aubrey did not appeal the state court's judgment and it is final as to him. Vodicka's appeal of the dismissal was affirmed and a petition for review was denied, making the state court judgment final as to both Plaintiffs. Aubrey and Vodicka's previous claims against Judge Moyé—that in explaining his recusal on the record, Judge Moyé accused Aubrey of being implicated in Tobolowsky's death—are based on the same facts raised in Plaintiffs' present litigation. *See* Exhibits 1-7 (App. 2-90). Each of the claims asserted against Judge Moyé in the instant suit either were or could have been brought in the previous state court suit. The present claims, therefore, are barred by issue preclusion.

> **b.  Plaintiffs' suit against Judge Moyé is barred by collateral estoppel and *res judicata*.**

Even if Plaintiffs' claims were viable, they are barred by collateral estoppel and

*res judicata* if such claims have been or could have been brought and litigated in a previous litigation. That is precisely what has happened here. The claims Aubrey and Vodicka bring in the present litigation arise out of the same factual background as their previous lawsuits. Federal courts accord preclusive effect to issues that were raised or could have been raised and decided by courts in prior litigation involving the same parties. *Res judicata* and collateral estoppel reduce unnecessary litigation, foster reliance on adjudication, and promote the comity between state and federal courts. *Allen v. McCurry,* 449 U.S. 90 (1980). Under the Full Faith and Credit Act, 28 U.S.C.A. § 1738, a federal court must give *res judicata* effect to state court judgments. *Cable Holdings of Battlefield, Inc. v. Cooke,* 764 F.2d 1466 (11th Cir. 1985).

*Res judicata* "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Oreck Direct LLC v. Dyson Inc.,* 560 F.3d 398, 401 (5th Cir. 2009). Filing a new lawsuit with additional parties does not defeat *res judicata* with respect to the parties and claims from the previous lawsuit. *Comer v. Murphy Oil USA, Inc.,* 839 F.Supp.2d 849, 855 (S.D. Miss. 2012), *aff'd,* 718 F.3d 460 (5th Cir. 2013).

*Res judicata* makes a final, valid judgment conclusive on the parties, and those in privy with them, as to all matters, fact and law, that were or could have been adjudicated in the previous proceeding. *First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.,* 747 F.2d 1367 (11th Cir. 1984). "In considering whether to give preclusive effect to state-court judgments under *res judicata* or collateral estoppel, the federal court must apply the rendering state's law of preclusion." *Kizzire v.*

*Baptist Health Sys., Inc.,* 441 F.3d 1306, 1308 (11th Cir. 2006).

### c. *Res Judicata* Under Texas Law.

*Res judicata* requires: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties and those in privity with them; and (3) the second action must be based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. of America v. Daccach.* 217 S.W.3d 430, 449 (Tex. 2007). Comparison of the previous suits with the case at bar shows that Judge Moyé's open court statement or any other statement claimed to have harmed Aubrey was or could have been litigated by Aubrey in the Texas proceeding under 42 U.S.C. § 1983 or any other federal or state law theory he chose to bring.

### d. Collateral Estoppel Under Texas Law.

To invoke the doctrine of collateral estoppel, a party must establish that: (1) the same facts sought to be litigated in the present suit were fully litigated in a prior suit; (2) those facts were essential to the judgment in the first suit; and (3) the parties were adversaries in the first suit. *Texas D.P.S. v. Petta,* 44 S.W.3d 575, 579 (Tex. 2001).

### e. The Final Judgment in Plaintiffs' prior Texas suit against Judge Moyé bars the claims in the present litigation.

In their state-court lawsuit filed in January 2017, Aubrey and Vodicka claimed that on May 18, 2016, Judge Moyé stated in court that he was recusing himself because of Aubrey and "his implications in the death of Mr. Tobolowsky." *See* Exhibit 1 at App. 22. This statement, according to Plaintiffs, was defamatory. *See id.* at 36-37. The trial court dismissed this claim, and the court of appeals affirmed the

dismissal of that claim in July 2018. *See* Exhibit 5 (App. 53-62.).

While the state district court judgment against Vodicka and Aubrey and the opinion affirming dismissal did not decide the suit based on the federal causes of action, issue preclusion bars claims that could have been brought, as well as claims that were actually brought and decided. Because Aubrey and Vodicka's claims against Judge Moyé were or could have been litigated in previous state and federal suits, issue preclusion bars the present litigation. *See Allen,* 449 U.S. at 95 ("The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts...Congress has specifically required all federal courts to give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so..."); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982) (concluding that federal courts may not engage a presumption that the state courts will not safeguard federal constitutional rights).

Additionally, to the extent Plaintiffs' request for damages or equitable relief can be construed as seeking to disregard, nullify, modify, or void the previous judgments, Plaintiffs have failed to state a claim. Plaintiffs bear the burden to show that the opportunity to raise their challenge in the state proceeding was inadequate, and they have failed to make such a showing. *ODonnell v. Harris Cnty,* 227 F.Supp. 3d 706, 726 (S.D. Tex. 2016); *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1,14 (1987); *Moore v. Sims,* 442 U.S. 415, 429–30 (1979).

### IV.   All state common law claims alleged against Judge Moyé are barred by Tex. Civ. Prac. & Rem. Code § 101.053.

To the extent that any of Plaintiffs' claims can be construed to allege a claim under Texas law, all common law tort claims brought against a judge on the basis of official acts or omissions are barred by sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.053 (disavowing waiver of immunity for acts or omissions of a judge acting in an official capacity, regardless of whether the act was judicial or administrative), § 101.057 (explaining that there is no waiver of immunity for intentional torts), § 101.106(f) (barring suits against judges and state employees acting within the general scope of their duties); *accord Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011).

> **a. A suit against a state court judge based on his judicial rulings in a case duly assigned to him and over which he had jurisdiction is an official-capacity suit barred by the Eleventh Amendment.**

The present litigation arises from facts showing that Judge Moyé, in his capacity as a Texas judge, while presiding over a case, acted or failed to act in litigation involving Plaintiffs. A suit complaining of official acts is essentially a suit against a government agency or sovereign state. *Will v. Michigan Dept. Of State Police,* 491 U.S. 58 (1989). Judges act in a judicial capacity when engaged in proceedings in and about their courtroom on cases over which they have jurisdiction. *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005). A decision to recuse is a judicial act, as is any explanation a judge offers for such decision, whether such explanation appears in the court's written recusal order or is made verbally during an in-court session. *Minor v. State of Texas,* 62 F.3d 395 (5th Cir. 1995). Such a claim is an

official-capacity suit, whether or not Plaintiffs labeled it so, as courts look to "the course of the proceedings" to determine the capacity in which the official has been sued. *Kentucky v. Graham,* 473 U.S. 159, 165-66 n.14 (1985); *Brandon v. Holt,* 469 U.S. 464 (1985); *Terrell v. Sisk,* 111 S.W.3d 274, 281 (Tex. App.—Texarkana 2003, no pet).

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham,* 473 U.S. at 165. A suit against a state official in his official capacity is a suit against the State, which is barred by the Eleventh Amendment to the United States Constitution. *Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567 (5th Cir. 2002); *Will,* 491 U.S. at 70-71. Since the claims against Judge Moyé arise out of his in-court explanation of his reasons for recusal as the presiding judge over a case involving Aubrey and Vodicka as litigants, the basis for this suit is a judicial act taken in an official capacity.

An exception to Eleventh Amendment immunity is a claim for an injunction, which may be brought against a state official with the ability to implement relief ordered by the Court so that future conduct comports with law. *Okpalobi v. Foster*, 244 F.3d 405,421, 423 (5th Cir. 2001). Injunctive relief against a judge may not be brought absent a showing that a declaratory decree was violated or declaratory relief is unavailable. 42 U.S.C. 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

To obtain injunctive relief, a plaintiff must show an immediate threat of a violation of federal law and a likely future injury that cannot be addressed by a legal remedy such as an appeal from a state court judgment. This exception to Eleventh Amendment immunity applies when (1) the plaintiff seeks prospective injunctive relief and (2) has shown the defendant to be engaged in a "continuing violation of federal law." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996). The requirement of a continuing violation includes establishing a threatened injury which is "certainly impending" or that there exists a "substantial risk that the harm will occur", and that the remedy at law is inadequate. *Honig v. Doe,* 484 U.S. 305, 320 (1988) (Courts have "been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury.").

Here, Plaintiffs have not pled facts showing a likelihood that Judge Moyé has committed past violations or will commit future violations of federal law resulting in harm to Plaintiffs, or a substantial threat that they will suffer irreparable injury if the injunction is not granted. Plaintiffs complain of past events, such as Judge Moyé's open-court recusal announcement on May 18, 2016, but they have not pled an ongoing violation of federal law that is imminent and likely to occur absent equitable relief. Nor have Plaintiffs explained why declaratory relief is unavailable. Without such a showing, Plaintiffs do not have standing to request equitable relief. *See Planned Parenthood of Houston & Southeast Texas v. Sanchez,* 403 F.3d 324, 329 (5th Cir. 2005).

**b. Statements made by a participant of and in connection with a judicial proceeding are privileged and may not form the basis of a civil suit.**

Plaintiffs allege that Judge Moyé "accused Aubrey of murder." ECF 3 at ¶66. Judge Moyé is alleged to have made this statement on May 18, 2016, in open court, during a hearing, explaining his recusal from litigation where Plaintiffs were parties. *Vodicka v. A.H. Belo Corp.,* No. 05-17-00728-CV, 2018 WL 3301592, at *5, 7 (Tex. App.—Dallas July 5, 2018, pet. denied) (mem. op.).

The common law has recognized a judicial-proceedings privilege since at least 1772 for parties, witnesses, lawyers, judges, and jurors. *Burns v. Reed,* 500 U.S. 478, 490 (1991). "The general rule is that any communication, oral or written, uttered or published in the due course of a judicial proceeding is privileged and cannot constitute the basis of a civil action in damages for slander or libel." *Johnson v. Wichita Falls Hous. Auth.,* No. 2-06-416-CV, 2007 WL 4126475, at *3 (Tex. App.—Ft. Worth, Nov. 21, 2007, no pet.). Litigation-statement immunity bars not only defamation suits—it also bars any suit arising out of the statement made in the course of a judicial proceeding. *McIntyre v. Wilson*, 50 S.W.3d 674, 682, 683 (Tex. App.—Dallas 2001, pet. denied).

Plaintiffs have now sued Judge Moyé a fourth time based on judicial actions and omissions in a case where Plaintiffs were litigants. They have sued Judge Moyé in state district court, a Florida federal district court, and now twice in Texas federal district court. Because this suit is barred by the litigation privilege, Plaintiffs' suit against Judge Moyé fails to state a claim for which relief can be granted. *See* FED. R.

Civ. P. 12(b)(6).

### c. A claim that a judge civilly or criminally conspired with others does not defeat judicial immunity.

Plaintiffs' vague claim that Judge Moyé reached an agreement with other defendants to violate their rights to due process by defaming them is conclusory within the meaning of *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009); *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (concluding that a plaintiff must plead facts reasonably supporting the existence of a conspiracy and a deprivation of civil rights by a party to the conspiracy and conclusions unsupported by facts are insufficient to state a claim for relief).

Plaintiffs' conclusory conspiracy claims are similar to the ones rejected in *Iqbal* and *Shaw* and fail to state a plausible claim.  Moreover, judicial immunity bars a civil suit against a judge, even when a court recognizes that the judge was a participant in a criminal conspiracy. *Dennis v. Sparks,* 449 U.S. 24, 28-29 n.5 (1980) (concluding that a §1983 claim against a judge was immunity-barred, even if the judge could be found criminally liable for accepting a bribe as part of a conspiracy.) "The fact that it is alleged that the judge acted pursuant to a conspiracy . . . . is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir. 1991). Claims that a judge was bribed and part of a conspiracy are insufficient to avoid judicial immunity. *Holloway v. Walker,* 765 F.2d 517, 522-23 (5th Cir. 1985). As to this allegation, Plaintiffs fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

**V.      Plaintiffs' claims are barred by the applicable statute of limitations.**

Plaintiffs' claims arise from Judge Moyé's judicial decisions that occurred on November 23, 2015, and May 18, 2016. ECF 3 at ¶¶52,62, 83-85, 90-94, 98-99,110. Plaintiffs' complaint was filed on November 22, 2019, more than three years after May 18, 2016. *See generally* ECF 3. Plaintiffs claim that defendants concealed their fraudulent conspiracy, tolling limitations until they discovered such conspiracy on November 23, 2016. *Id.* at ¶108. Plaintiffs also state, however, that the first indication of a "scheme" between defendants was on November 23, 2015, when Judge Moyé "entered an order for Plaintiffs to pay Ira Tobolowsky 'reasonable and necessary attorney fees' of $7,675." *Id.* at ¶110. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015) (holding that the discovery rule "defers the accrual of the cause of action until the injury was or could have been reasonably discovered."); *State of Texas v. Allan Const. Co.,* 851 F.3d 1526, 1528 (5th Cir. 1988) (It is sufficient that a plaintiff has some factual basis to believe that a claim could accrue.).

The four-year limitations period for a civil Racketeer Influenced and Corrupt Organizations Act (RICO) action begins to run when the injury was or should have been discovered. 18 USCA § 1962. But Plaintiffs have not sufficiently pled a RICO claim. Because Plaintiffs have not factually pled a RICO claim with sufficient specificity, the four-year limitations period does not apply to this case.

If the Complaint is construed as a claim under 42 U.S.C. § 1983, the two-year statute of limitations for a personal injury action bars Plaintiffs' claim. Judge Moyé ordered Plaintiffs to pay Ira Tobolowsky attorneys' fees on November 23, 2015, and

Judge Moyé recused himself on May 18, 2016. The latter date is more than three years before the date Plaintiff's filed this suit—November 22, 2019. *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998)

Accrual of a § 1983 claim is governed by federal law, which holds that the limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.  A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001).

Federal courts apply the state's statute of limitations for personal injury torts in determining when section 1983 claims toll. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Piotrowski*, 237 F.3d at 576 ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.").  "In Texas, the applicable limitations period is two years." *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993); TEX. CIV. PRAC. & REM. CODE § 16.003(a) ("[A] person must bring suit . . .  not later than two years after the day the cause of action accrues.").

Failure to file suit before the statute of limitations expires may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that

the action is time-barred and the pleadings fail to set forth or raise a sound basis for tolling the statute. *See King-White v. Humble Indep. Sch. Dist., 803* F.3d 754, 758 (5th Cir. 2015).

The present suit must have been filed by May 18, 2018, rendering this litigation untimely filed. Plaintiffs' claims, therefore, should be dismissed pursuant to Rule 12(b)(6). *See* FED. R. CIV. P. 12(b)(6).

## CONCLUSION

Plaintiffs' claims are barred by official, judicial, and sovereign immunities, and under the litigation privilege. Additionally, Plaintiffs have attempted to sue Judge Moyé in three previous lawsuits, unsuccessfully, alleging the same claims and facts. Their claims, therefore, are barred by *res judicata*, collateral estoppel, and issue preclusion. The claims are also untimely under the applicable statute of limitations. Judge Moyé is also immune for all Texas common law claims pursuant to Tex. Civ. Prac. & Rem. Code §§ 101.053, 101.057 and 101.106(f).

Plaintiffs' claims against Judge Moyé, accordingly, should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**

Deputy Attorney General for Civil
Litigation

**SHANNA E. MOLINARE**
*Assistant Attorney General*
*Chief, Law Enforcement Defense Division*

/s/ *Landon A. Wade*
**LANDON A. WADE**
*Assistant Attorney General*
*Law Enforcement Defense Division*
*Texas State Bar No. 24098560*

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 469-3144
landon.wade@oag.texas.gov

**ATTORNEYS FOR DEFENDANT
JUDGE ERIC VAUGHN MOYÉ**

## CERTIFICATE OF SERVICE

I, Landon A. Wade, Assistant Attorney General of Texas, do hereby certify that a copy of the foregoing document was served by the Court's Case Management/Electronic Case Filing system (CM/ECF) on the 12th day of March 2020, on the parties and known counsel of record.

/s/ Landon A. Wade
**LANDON A. WADE**
Assistant Attorney General