UNITED STATES DISTRICT COURT
for the
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| STEVEN B. AUBREY, Individually, § <br> STEVEN B. AUBREY, as Beneficiary § <br> Of the AUBREY FAMILY TRUST, and § <br> BRIAN E. VODICKA § <br>     *Plaintiffs*, § <br> §<br> v. § <br> § <br> THE ESTATE OF IRA TOBOLOWSKY, § <br> MICHAEL B. TOBOLOWSKY, FAITH § <br> G. BURK, STEPHEN SCHOETTMER, § <br> DAVID P. HENDRICKS, ERIC V. § <br> MOYE, DONALD J. COSBY, RICHARD § <br> B. AUBREY, JR., BETSY S. AUBREY, as § <br> Independent Executrix of the Estate of § <br> Richard Buck Aubrey, Deceased, § <br> RACHEL ANN CRAIG, ROBIN L. § <br> LANDIS, and JACKIE K. WHEELINGTON, § <br>     *Defendants*. § | | Case No 3:19-CV-2792-N-BK |

**DEFENDANT BETSY S. AUBREY'S RESPONSE TO
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
AND CLERK'S ENTRY OF DEFAULT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    Defendant Betsy S. Aubrey, as Independent Executrix of the Estate of Richard Buck Aubrey, Deceased, ("Defendant" or "Betsy") files this RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT from claims asserted by Plaintiff Steven Aubrey ("Plaintiff" or "Aubrey") [Doc. 58] and CLERK'S ENTRY OF DEFAULT from claims asserted by Deputy Clerk A. Aguilar's, U.S. District Court, Complaint [Doc. 59].

1

## DEFENDANT IS NOT IN DEFAULT

1. On March 30, 2020, the Summons [Doc. 38] and the complaint [Doc. 37] were personally served on Defendant. Per the Summons, "you must serve on the plaintiff an **answer**" within 21 days."

2. On April 15, 2020, 16 days after service of the Summons, United States Magistrate Judge Renee Harris Toliver signed an Order [Doc. 49] having reviewed the Parties' Stipulation and [Proposed] Order Regarding Defendants' Deadline to Answer or Respond to Plaintiffs' First Amended Complaint or Proposed Second Amended Complaint [Doc. 48]. Per the Order:

> "IT IS THEREFORE ORDERED that Defendants are **not required to answer** or otherwise respond to Plaintiffs' *First Amended Complaint*, Doc. 37, until the Court rules on Plaintiffs' anticipated motion for leave to amend ("Anticipated Motion"). If the Court grants Plaintiffs' Anticipated Motion, then Defendants shall answer or otherwise respond to the Second Amended Complaint within 14 days of its filing date. If the Court issues an order denying Plaintiffs' Anticipated Motion, then Defendants shall answer or otherwise respond to Plaintiffs' *First Amended Complaint*, Doc. 37, within 14 days of that order."

3. As of the date of this filing, the Court has not ruled on the Anticipated Motion therefore Defendant is **not required to answer** until Court has ruled. Until the Court rules there is no deadline therefore Plaintiff's claimed deadline of April 20, 2020 is false.

4. On May 6, 2020 Defendant went ahead and filed a Motion Dismiss [Doc. 60].

## CLAIMS ARE BARRED BY RES JUDICATA

5. The doctrine of res judicata bars litigation of any issue connected with a cause of action or defense that, in the use of due diligence, a party might have tried or actually did try in an earlier suit. See Ellis v. Amex. Life Ins. Co. , 211 F.3d 935, 938 n. 1 (5th Cir. 2000). Under the Fifth Circuit test, "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative fact." Agrilectric Power Partners, Ltd. v. Gen. Elec. Co., 20 F.3d 663, 665 (5th Cir. 1994).

6.   The alleged bases and nucleus of operative facts on which Plaintiffs' base the instant claim are the very same as those which were litigated and decided in:

  a. Aubrey v. Betsy, Cause No. C1-PB-140-000668, in the Probate Court No. 1, Travis County, Texas (2014),

  b. Aubrey v. Betsy, Cause No. PR-14-01486-3, in the Probate Court No. 3, Dallas County, Texas (2014)

  c. Betsy v. Aubrey Counterclaim, Cause No. PR-15-01710-3, in the Probate Court No. 2, Dallas County, Texas (2015)

  d. Aubrey v. Betsy, Cause No. CC-16-05175-C, in the County Court No. 3, Dallas County, Texas (2016)

and were litigated, decided and confirmed on appeal in the following case in

  Aubrey v. Betsy, Cause No. DC-15-11685, in the 14th District Court, Dallas County (2015), aff d, 523 S. W .3d 299, 30 1 (Tex. App.- Dallas 2017, no pet.); (affirming all findings of the trial court's final judgment on the merits, but modifying only to reduce the amount of exemplary damages).

As a result, Plaintiffs should be precluded from pursuing their instant claim which is based on matters that have already been tried and rejected by multiple courts of competent jurisdiction.

## CONCLUSION

First and foremost, this is continued harassment by Plaintiff Aubrey on his 85 year old mother, Defendant Betsy Aubrey.

Second, Defendant was not required to file an answer until 14 days after the Court has ruled on the Anticipated Motion. To date the Court has not ruled, therefore Betsy has not missed a deadline to answer instant case.

Third, Plaintiff's request for accounting and removal of Trustee has been litigated and rejected five (5) separate times by multiple courts of competent jurisdictions with the last one confirmed on appeal. This is the 6th time to litigate the same issue. What is different this 7th time? Nothing!

Plaintiff has sued Defendant four (4) other times for other erroneous reasons that where litigated and rejected in Defendant's favor. In 2016, Plaintiff is deemed a vexatious litigant in the State of Texas as a result.

Plaintiff acts of bad behavior:

1) Plaintiff had access to books and view checking accounts of the Aubrey Family Trust ("Trust") and Aubrey Family, LLC ("LLC") until he tried to illegally transfer over $71,000 through four (4) transactions into his personal accounts and personal credit cards in 2012. There was $64,181 in the account and all transactions "bounced".

2) Defendant voluntarily provided Aubrey an accounting in 2014 but Aubrey has maintained the accounting is fraudulent and turned Defendant into the IRS for illegal activity and tax fraud. During the audit, some of the IRS agent's notes were Plaintiff's handwriting and printouts Defendant Richard Aubrey had given Plaintiff earlier. Audits of Defendant, the Trust and LLC produced nothing and case was closed.

3) In one of Plaintiff's lawsuits against Defendant, Plaintiff improperly obtained a subpoena without Defendant's knowledge for all bank records from Wells Fargo Bank, NA in 2015 and has seen every transaction up to that point.

4) Plaintiff has self-deeded himself 1/3 ownership of property owned by the LLC. There are only two (2) members of the LLC, the Defendant and the Trust. In 2012 Plaintiff signed an acknowledgement along with his siblings, Defendant Richard Aubrey and Thomas Aubrey, that neither one of the siblings are members of the LLC but for the second time Plaintiff falsified Warranty Deeds claiming in front of a notary to be a member of the LLC. The acknowledgement was needed because Plaintiff had done the

same thing self-deeding the same property in 2011. Per the LLC Operating Agreement, only the Manager of a Limited Liability Company can sign a Warranty Deed.

Plaintiff's past bad behavior doesn't warrant him the right to view any financial information for fear of continued improper use. Plaintiff has been removed from Defendant's LAST Will AND TESTAMENT in 2013 and will never participate or inherit in any income, inheritance, or distribution derived from the Trust therefore Plaintiff has no need for and is not due an accounting from the Trust.

While Defendant is the sole Executrix of the Estate of Richard Buck Aubrey, Deceased, her husband also appointed her the sole Trustee and the sole beneficiary of the Trust, a Spendthrift Trust, which will continue throughout her life. Upon her death, Plaintiff Aubrey, a contingent remainderman, would be entitled to his portion of the Trust, per stirpes.

Plaintiff's Instant Motion states Defendant is a competent person. She hires competent accountants and attorneys for business advice. The Will of Richard Buck Aubrey [Doc. 58 Exhibit A] has procedures in place if she were unable to continue as Trustee and does not need Plaintiff's hatred toward his mother to decide what is best.

For the reasons set forth above, Defendant Betsy Aubrey respectfully requests that Plaintiff's claims of default against Defendant Betsy Aubrey should be dismissed with prejudice.

Also for the reasons set forth above, Defendant Betsy Aubrey respectfully requests that the Clerk's Entry of Default [Doc. 59] entered into the record in error be removed from the record.

Dated: May 14, 2020

                    Respectfully submitted,

                    By: _/s/ Betsy Aubrey_____
                    **Betsy S Aubrey, Pro Se**
                    3920 Hockaday Drive
                    Dallas, TX 75229
                    Telephone: 214-207-0440
                    Email: buck@buckloans.com

## **CERTIFICATE OF SERVICE**

On May 14, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the ECF system. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2).

                    By: _/s/ Betsy Aubrey_____
                    **Betsy S Aubrey, Pro Se**