IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY, INDIVIDUALLY | § | |
| STEVEN B. AUBREY,  AS BENEFICIARY | § | |
| OF THE AUBREY FAMILY TRUST, AND | § | |
| BRIAN E. VODICKA, | § | |
| PLAINTIFS, | § | |
| V. | § | CASE No. 3:19-CV-2792-N-BK |
| | § | |
| THE ESTATE OF IRA TOBOLOWSKY, | § | |
| MICHAEL B. TOBOLOWSKY, FAITH G. | § | |
| BURK, STEPHEN SCHOETTMER, DAVID | § | |
| P. HENDRICKS, ERIC V. MOYE, | § | |
| DONALD J. COSBY, RICHARD B. | § | |
| AUBREY, JR., BETSY S. AUBREY, AS | § | |
| INDEPENDENT EXECUTRIX OF THE | § | |
| ESTATE OF RICHARD BUCK AUBREY, | § | |
| DECEASED, RACHEL ANN CRAIG, | § | |
| ROBIN L. LANDIS, AND JACKIE K. | § | |
| WHEELINGTON, | § | |
| DEFENDANTS. | | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and *Special Order 3*, this case was referred to the

United States magistrate judge for pretrial management.  The Court now considers *Defendant*

*District Judge Donald J. Cosby's Motion to Dismiss*, Doc. 15, and *Defendant District Judge Eric*

*Vaughn Moyé's Motion to Dismiss Pursuant to Rule 12(b) and Brief in Support*, Doc. 35.  As

detailed here, the motions should be **GRANTED** and all of Plaintiffs' claims against Judge

Cosby and Judge Moyé should be **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

This *pro se* case against Judge Donald J. Cosby ("Judge Cosby") and Judge Eric Vaughn

Moyé ("Judge Moyé") arises out of their actions as judges in a defamation case (the "8135

case")[1] involving Plaintiffs and now-deceased attorney Ira Tobolowsky ("Tobolowsky").  Doc. 3

at 23.  Judge Cosby became the presiding judge in the 8135 case after Judge Moyé recused

himself.  Doc. 3 at 23.  Plaintiffs previously sued Judge Moyé over a statement he made

regarding his recusal, and this Court granted Judge Moyé's Rule 12(b)(6) motion to dismiss

based on judicial immunity.  *Aubrey v. D Magazine Partners, L.P.*, No. 3:19-CV-0056-B, 2019

WL 2549458, at *5 (N.D. Tex. June 20, 2019) (Boyle, J.).

Liberally construed, Plaintiffs asserted a civil rights claim under 42 U.S.C. § 1983 against

Judge Cosby.  *See* Doc. 3 at 17 ("Thus far, Judge Cosby has acted outside his discretion by

entering orders for an unconstitutional award of $5.5 million and for Plaintiffs' private and

confidential cell phone data, grossly violating their rights to privacy protected under the U.S.

Constitution); Doc. 3 at 22-23 (alleging Judge Cosby denied Plaintiffs' their constitutional rights

to legal representation under the Fifth, Sixth and Fourteenth Amendments).  Plaintiffs also

asserted claims for violations of 18 U.S.C. § 1962(a)-(d) ("RICO"), as well as a state law claim

of harassment.  Doc. 3 at 37-40.

In response, Judge Cosby filed a motion to dismiss Plaintiffs' *Complaint* under Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on judicial immunity.  Doc. 15 *passim*.

Plaintiffs did not respond to Judge Cosby's motion.  Instead, they filed their *First Amended*

*Complaint*—adding claims for privacy violations, fraud on the court, and abuse of process, Doc.

37 at 67, 86-88, while also seeking an order to enjoin Judge Cosby from publishing any

---

[1] 14th Civil District Court, Dallas County, Texas, Cause No. DC-15-08135.  Doc. 3 at 5, 23.

defamatory statements in the future, Doc. 37 at 94 (seeking "an immediate, preliminary

injunction and permanent injunction enjoining [a]ll Defendants from . . . posting . . . any

defamatory or injurious information regarding Plaintiffs.").  Plaintiffs subsequently filed

*Plaintiffs' Motion for Leave to File Second Amended Complaint*, currently pending, which

includes their proposed *Second Amended Complaint*, Doc. 50 at 6.  Plaintiffs' proposed *Second*

*Amended Complaint* seeks an order to set aside Judge Cosby's judgments, Doc. 50 at 140, and a

declaration that Judge Cosby and Defendants "violated the Fourteenth Amendment by enforcing

third party subpoenas . . . ." Doc. 50 at 141.

The Court now considers Judge Cosby's and Judge Moyé's motions to dismiss based on

judicial immunity and res judicata.[2] Doc. 15; Doc. 35.

## II.  APPLICABLE LAW

A Rule 12(b)(1) motion asserts that the court should dismiss a complaint for lack of

subject-matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  "A case is properly dismissed for lack of

subject-matter jurisdiction when the court lacks the statutory or constitutional power to

adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d

1006, 1010 (5th Cir. 1998) (internal citation and quotation marks omitted).  The Court considers

a motion to dismiss based on immunity under Rule 12(b)(6), rather than Rule 12(b)(1), because

"arguments for immunity are attacks on the existence of a federal cause of action." *Morrison v.*

*Walker*, 704 F. App'x 369, 372 n.5 (5th Cir. 2017) (citations omitted).

---

[2] Although Plaintiffs amended their complaint after the motions *sub judice* were filed, as detailed
herein, the defenses and arguments asserted by Judges Moyé and Crosby nevertheless apply to
Plaintiffs' amended claims.  Thus, in the interest of judicial economy and an expeditious
resolution of those claims, the Court considers the application of the defenses raised by Judges
Moyé and Crosby as to all of Plaintiffs' claims against them.  *See* FED. R. CIV. P. 1 (the Rules of
Civil Procedure should be "construed, administered, and employed by the court and the parties to
secure the just, speedy, and inexpensive determination of every action and proceeding").

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does

not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's complaint should "contain either direct

allegations on every material point necessary to sustain a recovery . . . or contain allegations

from which an inference may fairly be drawn that evidence on these material points will be

introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)

(quotation omitted).

### III.  ANALYSIS

**A.  Plaintiffs' claims against Judge Moyé are barred by res judicata**

Plaintiffs' claims against Judge Moyé are clearly barred by the doctrine of res judicata, as

this is Plaintiffs' second lawsuit based on the same nucleus of operative facts. *See D Magazine*,

2019 WL 2549458, at *4 (granting Judge Moyé's motion to dismiss based on judicial immunity).

Federal common law applies when a federal court determines the preclusive effect of a

prior federal court judgment based on federal jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin*

*Corp.*, 531 U.S. 497 (2001) (absent a federal governing statute or rule, the res judicata effect of a

federal judgment is determined under federal common law).  A claim is barred by federal

principles of res judicata if: "(1) the parties are identical or in privity; (2) the judgment in the

prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded

by a final judgment on the merits; and (4) the same claim or cause of action was involved in both

actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  The

claim-preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to

all or any part of the transaction, or series of connected transactions, out of which the [original]

action arose" that a plaintiff could have raised in the prior action.  *Petro-Hunt, L.L.C. v. United*

*States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (bracket in original and citation omitted); *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

In *D Magazine,* Judge Boyle dismissed Plaintiffs' claims against Judge Moyé arising out of a statement Judge Moyé made concerning his recusal as presiding judge in the 8135 case. *D Magazine,* 2019 WL 2549458, at *1. Judge Boyle also dismissed Plaintiffs' request for injunctive relief in the form of "an order to enjoin Judge Moyé from publishing any defamatory statements in the future." *Id.* at *4. Based on that holding, all of the requirements are met by the Court's previous ruling to preclude Plaintiffs' claims against Judge Moyé in this suit.

The final judgment dismissing all of Plaintiffs' claims against Judge Moyé in *D Magazine*, a case involving essentially the same parties, was issued by a court of competent jurisdiction. *Id.* at *5. Moreover, the *D Magazine* case involved basically the same claims and are based on the same nucleus of operative facts, to-wit: that Judge Moyé accused Plaintiffs of murder during his recusal announcement. *Id.* at *4; Doc. 3 at 3 ("Plaintiffs . . . were framed for capital murder in a rush to judgment."); Doc. 37 at 35 ("Judge Moy[é] voluntarily recused himself from [the 8135 case] because he claims to believe Aubrey was responsible for the murder of Ira Tobolowsky . . . ."); *see Test Masters*, 428 F.3d at 571 (citation omitted) (when two actions are based upon "the 'same nucleus of operative facts,'" the latter is barred by res judicata).

Accordingly, all of Plaintiffs' claims against Judge Moyé should be **DISMISSED WITH PREJUDICE.**

## B. Plaintiffs' claims against Judge Cosby for damages are barred

Just as Judge Boyle ruled as to the claims against Judge Moyé in *D Magazine*, Plaintiffs' claims here against Judge Cosby for money damages should be dismissed on the basis of judicial

immunity.  Judges enjoy absolute immunity for action taken in the performance of their judicial

duties, *Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982), and are immune from suit for damages

resulting from any judicial act, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  Further, allegations

of bad faith or malice do not defeat judicial immunity.  *Id.* at 11.

A plaintiff can only overcome the bar of judicial immunity under two limited

circumstances.  *Id.* at 11–12.  The first is if the complained-of action is not "judicial" in nature.

*Id.* at 11.  This Court employs

> a four-factor test for determining whether a judge's actions were judicial in nature:
> (1) whether the precise act complained of is a normal judicial function; (2) whether
> the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's
> chambers; (3) whether the controversy centered around a case pending before the
> court; and (4) whether the acts arose directly out of a visit to the judge in his official
> capacity.  These factors are broadly construed in favor of immunity.

*Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222-23 (5th Cir. 2009) (citations omitted).

Nevertheless, "[t]he absence of one or more factors will not prevent a determination that judicial

immunity applies."  *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014 WL 803638, at *1

(citations omitted).  The second circumstance in which judicial immunity is inapplicable is where

the judicial action was "taken in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at

12.

Here, all of Plaintiffs' allegations against Judge Cosby are premised on his actions as

presiding judge in the 8135 case.  *See* Doc. 37 at 35-36 (Judge Crosby had *ex parte*

communications with defendants' counsel); Doc. 37 at 36 (Judge Cosby threatened to imprison

Plaintiffs for not paying sanctions imposed by Judge Moyé); Doc. 37 at 38 (Judge Cosby issued

a $5.5 million final judgment against Plaintiffs in a defamation case "without a single

defamatory statement."); Doc. 37 at 44 (Judge Cosby granted a subpoena that was served outside

the discovery deadline); Doc. 37 at 44 (Judge Cosby denied Plaintiffs' right to appear at

6

scheduled hearings by telephone); Doc. 37 at 44 (Judge Cosby granted defense counsel's request

for a search warrant); Doc. 37 at 54 (Judge Cosby refused to recuse himself).  Plaintiffs asserted

similar claims in their *Complaint*, Doc. 3 at 17, 21, and proposed *Second Amended Complaint*,

Doc. 50 at 50, 58, 63, 65, 80, 109-10.  Further, all such actions—communicating with counsel,

ordering parties to pay sanctions, issuing judgments, granting discovery motions, holding

hearings, and recusal—are normal judicial functions.  *See Kemp ex rel. Kemp v. Perkins*, 324 F.

App'x 409, 412 (5th Cir. 2009) (concluding judicial immunity is available for recusal); *Carter*,

2014 WL 803638, at \*2 (issuing orders, communicating with counsel, and holding hearings are

all normal judicial functions).  Moreover, Plaintiffs' allegations that Judge Cosby performed

judicial acts pursuant to a bribe, a conspiracy, or being extorted or threatened, also fail because

the judge's motivation is of no moment.  *See Ballard v. Wall*, 413 F.3d 510, 515 ("it is the

Judge's actions alone, not intent, that [the Court] must consider" in applying judicial immunity).

Moreover, like Judge Moyé, Judge Cosby's judicial acts as presiding judge over the

defamation suit between Plaintiffs and Tobolowsky in the 14th Civil District Court were not

taken in the complete absence of all jurisdiction.  *See D Magazine*, 2019 WL 2549458, at \*3

(concluding Texas state court judges in the 14th Civil District Court have "original jurisdiction

over all civil matters when the amount in controversy is over \$500.") (citing TEX. CONST. art. V,

§ 8; Tex. Gov't Code § 24.007).  Just as Judge Moyé acted with jurisdiction in that case, so did

Judge Cosby as his successor.

Accordingly, Plaintiffs' claims for monetary damages against Judge Cosby should be

dismissed with prejudice based on judicial immunity.

**C. Plaintiffs' claims for injunctive and declaratory relief are also barred**

Plaintiffs' request for injunctive relief should also be denied. Plaintiffs seek an order

enjoining Judge Cosby from publishing any defamatory statements in the future. Doc. 37 at 94.

As mentioned, Plaintiffs previously sought identical relief against Judge Moyé. *D Magazine*,

2019 WL 2549458, at *4 (dismissing Plaintiffs' claim for injunctive relief against Judge Moyé).

Further, in their proposed *Second Amended Complaint*, Plaintiffs seek an order to set aside Judge

Cosby's judgments, Doc. 50 at 140, and a declaration that Judge Cosby violated the Fourteenth

Amendment by enforcing third party subpoenas, Doc. 50 at 141.

Injunctive relief is unavailable under § 1983 unless "a declaratory decree was violated or

declaratory relief was unavailable." 42 U.S.C. § 1983. "Because Plaintiffs do not allege, and the

record does not show, that a declaratory decree was violated or that declaratory relief was

unavailable, the claim[s] for injunctive relief against Judge [Cosby] must be dismissed." *D

Magazine*, 2019 WL 2549458, at *4.

Moreover, the *Rooker-Feldman* doctrine[3] bars this Court's consideration of Plaintiffs'

request to set aside the previous judgments and holdings of Judges Moyé and Cosby in the 8135

case. As the Court of Appeals for the Fifth Circuit has succinctly stated:

> The Supreme Court has definitively established, in what has become known as the
> *Rooker-Feldman* doctrine, that "federal district courts, as courts of original
> jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of
> state courts." "If a state trial court errs the judgment is not void, it is to be reviewed
> and corrected by the appropriate state appellate court. Thereafter, recourse at the
> federal level is limited solely to an application for a writ of certiorari to the United
> States Supreme Court."

---

[3] The doctrine takes its name from two Supreme Court decisions: *D.C. Court of Appeals v.
Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).  Additionally, the *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'"  *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).  Claims are inextricably intertwined with a state court's judgment when "the District Court is in essence being called upon to review the state court decision."  *Feldman*, 460 U.S. at 482 n.16.

Accordingly, Plaintiffs' claims for injunctive and declaratory relief against Judges Moyé and Cosby should be dismissed with prejudice based on judicial immunity and lack of subject matter jurisdiction.

### IV.  CONCLUSION

For the foregoing reasons, *Defendant District Judge Donald J. Cosby's Motion to Dismiss*, Doc. 15, and *Defendant District Judge Eric Vaughn Moyé's Motion to Dismiss Pursuant to Rule 12(b*, Doc. 35, should be **GRANTED**.  Plaintiffs' case against Judges Cosby and Moyé should be **DISMISSED WITH PREJUDICE**, and Judge Cosby and Judge Moyé should be terminated as Defendants in this case.

**SO RECOMMENDED** on August 12, 2020.



RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).