IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY, INDIVIDUALLY<br>STEVEN B. AUBREY, AS BENEFICIARY<br>OF THE AUBREY FAMILY TRUST, AND<br>BRIAN E. VODICKA,<br>       PLAINTIFS,<br>V.<br><br>THE ESTATE OF IRA TOBOLOWSKY,<br>MICHAEL B. TOBOLOWSKY, FAITH G.<br>BURK, STEPHEN SCHOETTMER, DAVID<br>P. HENDRICKS, ERIC V. MOYE,<br>DONALD J. COSBY, RICHARD B.<br>AUBREY, JR., BETSY S. AUBREY, AS<br>INDEPENDENT EXECUTRIX OF THE<br>ESTATE OF RICHARD BUCK AUBREY,<br>DECEASED, RACHEL ANN CRAIG,<br>ROBIN L. LANDIS, AND JACKIE K.<br>WHEELINGTON,<br>       DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:19-CV-2792-N-BK |

**ORDER**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Before the Court is Plaintiffs' *Motion for Leave to File Second Amended Complaint*. Doc. 50. For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

**I.    FACTS**

Plaintiffs filed their original complaint in November 2019 and an amended complaint in March 2020. Doc. 3; Doc. 37. A month later, the instant motion followed. Defendants David P. Hendricks, Stephen Schoettmer, and Michael B. Tobolowsky oppose Plaintiffs' motion. Doc.

51; Doc. 52; Doc. 53.  Among other arguments, they assert that Plaintiffs' proposed second amended complaint ("SAC") would result in undue prejudice and was filed in bad faith — allegations they underscore by pointing to Plaintiff Vodicka's involvement in an attorney disciplinary action by the Texas State Bar and Plaintiff Aubrey's vexatious litigant status.[1]  Doc. 51 at 9-13; Doc. 52 at 2, 4; Doc. 53 at 7-8.

**II.     APPLICABLE LAW**

Rule 15(a) of the Federal Rules of Civil Procedure requires that a trial court grant a party leave to amend a complaint freely, and the language of the rule "evinces a bias in favor of granting leave to amend."  *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).  By no means is leave to amend automatic, but the court must have a "substantial reason" to deny a party's request to do so.  *Id.*  In deciding whether to grant or deny a motion to amend, the court may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment."  *Id.* (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)).  A court may also consider "whether the facts underlying the amended

---

[1] In *Steven B. Aubrey v. Betsy S. Aubrey, Trustee*, Case No. DC-15-11685 in the 14th Judicial District of Dallas County, Texas, Aubrey was deemed a vexatious litigant and required to remit $150,000 in security to proceed as well as future written approval of an administrative judge before filing additional lawsuits against several of the Defendants in this case.  At the time, Aubrey had filed approximately 13 suits arising out of the same nucleus of facts as this case.

In *Steven Aubrey v. Eric Vaughn Moye, Stephen Schoettmer and Debra Tobolowsky, Independent Executor, et al.*, Case No. DC-16-12693 in the 116th Judicial District Court of Dallas County, Texas, the court signed a similar order, requiring $25,000 security to proceed and prohibiting new litigation without permission of an administrative judge.

complaint were known to the party when the original complaint was filed." *Robertson v. Intratek Computer, Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (quoting *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 316 (5th Cir. 1996)).

### III.    ANALYSIS

Plaintiffs' initial complaint was 48 pages long, and his amended complaint is 95 pages. When Plaintiffs sought Defendants' permission to file the SAC, they stated as follows:

> It is obvious that the First Amended Complaint was not completed when it was filed within the 21-day deadline for amending as a matter of course per Rule 15(a). *Some of the counts were left blank*. The reason is because we had been ill with Covid-19 and actually tested positive on March 18, 2020, two days prior to our March 20 filing deadline.

Doc. 51-1 at 4 (emphasis supplied). Based on this representation, most Defendants who responded to Plaintiffs' request initially agreed, but at least one opposed, which led to the filing of this motion. *See* Doc. 53-3 at 2-5.

Plaintiffs argue that they should be granted leave to file the SAC because their current operative complaint is "a disaster with multiple counts left blank and some parts copied and pasted from other litigation that had not yet been edited." Doc. 50 at 2. Plaintiffs contend that the SAC has "complete counts," provides the Court with necessary facts, and is long, but "clean" with a table of contents "to assist with navigation." Doc. 50 at 3.

A review of Plaintiffs' current complaint does reveal a number of "blank counts" and references to non-parties which appear to relate to other litigation. *See* Doc. 37 at 86-87 ("blank" Counts XVII-XX); Doc. 37 at 87-91 (Counts XXI-XXIV against "City Defendants, County Defendants, and D Magazine Defendants"). The 153-page SAC, however, is more than 55 pages longer than the operative complaint. It adds nearly 30 pages of factual and predicate RICO act allegations and contains at least one new claim. Yet the SAC contains no allegations of

substance that Plaintiffs were not already well aware of when they filed their original complaint just five months before the present motion.  *See Robertson*, 976 F.3d at 584.

Upon consideration of the law, the pleadings, and the parties' arguments, leave to amend is **DENIED WITHOUT PREJUDICE**.  Specifically, Plaintiffs may refile a renewed motion for leave, together with a revised SAC that meets the following requirements:  (1) The SAC may fill in currently "blank" Counts XVII-XX; (2) The SAC shall omit the erroneously "cut and pasted" Counts XXI-XXIV against "City Defendants, County Defendants, and D Magazine Defendants"; (3) The SAC shall otherwise remain identical to the currently operative complaint with the exception of actual typographical errors, which may be corrected; and (4) Plaintiffs shall file a redlined copy of their proposed SAC together with a clean copy for the Court's review.  If Plaintiffs fail to comply with the Court's directives in full, the undersigned will summarily deny leave to amend and entertain no such further motions.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' *Motion for Leave to File Second Amended Complaint*, Doc. 50, is **DENIED WITHOUT PREJUDICE**.  If Plaintiffs wish to file a renewed motion for leave in accordance with the parameters outlined above, they must do so within 14 days of the date of this order.  Defendants are not required to respond to any renewed motion for leave unless the Court requests briefing.

**SO ORDERED** on January 8, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE