# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY, INDIVIDUALLY, | § | |
| STEVEN B. AUBREY, AS BENEFICIARY | § | |
| OF THE AUBREY FAMILY TRUST, AND | § | |
| BRIAN E. VODICKA, | § | |
|     PLAINTIFFS, | § | |
| V. | § | CASE No. 3:19-CV-2792-N-BK |
| | § | |
| THE ESTATE OF IRA TOBOLOWSKY, | § | |
| MICHAEL B. TOBOLOWSKY, FAITH G. | § | |
| BURK, STEPHEN SCHOETTMER, DAVID | § | |
| P. HENDRICKS, ERIC V. MOYE, | § | |
| DONALD J. COSBY, RICHARD B. | § | |
| AUBREY, JR., BETSY S. AUBREY, AS | § | |
| INDEPENDENT EXECUTRIX OF THE | § | |
| ESTATE OF RICHARD BUCK AUBREY, | § | |
| DECEASED, RACHEL ANN CRAIG, | § | |
| ROBIN L. LANDIS, AND JACKIE K. | § | |
| WHEELINGTON, | § | |
|     DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. The Court now considers Defendant Rachel Ann Craig's, Jackie K. Wheelington's, and Robin L. Landis's motions to dismiss. Doc. 29; Doc. 30; Doc. 31.[1] As detailed herein, the motions should be **GRANTED**.

---

[1] Defendants filed three identical motions to dismiss. For ease of reference, the Court will cite only to the first-filed motion.

**I. BACKGROUND**

Notwithstanding the fact that they are wholly conclusory, Plaintiffs' *pro se* claims against Defendants Craig, Wheelington, and Landis (collectively, the "State Bar Defendants") arise out of these Defendants' official actions as employees of the State Bar of Texas Office of the Chief Disciplinary Counsel in proceedings against Plaintiff Brian E. Vodicka, a licensed Texas attorney. Doc. 3 at 3, 6; *see also* Doc. 37 at 40-42 (detailing allegations). Plaintiffs raise claims against the State Bar Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act and harassment. Doc. 3 at 37-41.

The State Bar Defendants filed the instant motions to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Eleventh Amendment immunity and for failure to state a claim and, alternatively, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Doc 29 *passim*. In relevant part, the State Bar Defendants assert that the only connection they have to Plaintiffs is the investigation and prosecution of the ongoing disciplinary action against Plaintiff Vodicka, Doc. 29 at 9-10, and neither of Plaintiffs' complaints suggests otherwise. Plaintiffs did not respond to the motions to dismiss, instead filing (without first obtaining leave of court to do so) their First Amended Complaint.[2]

---

[2] Although Plaintiffs amended their complaint after the motions *sub judice* were filed, the arguments the State Bar Defendants assert nevertheless apply to Plaintiffs' amended claims. Thus, in the interest of judicial economy and an expeditious resolution of those claims, the Court considers the application of the defenses raised by the State Bar Defendants as to all of Plaintiffs' claims against them—including those alleged in the first amended complaint, Doc. 37. *See* FED. R. CIV. P. 1 (the Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

**II. APPLICABLE LAW AND ANALYSIS**

A district court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Sovereign immunity, as imparted by the Eleventh Amendment, deprives the court of jurisdiction. *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 735 (5th Cir. 2020) (citing *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996)). As such, claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and must be dismissed without prejudice. *Id.*

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI). The same bar applies to suits against state officials when "the state is a real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citations omitted).

In this case, Plaintiffs have sued the State Bar Defendants as individual state officers but, given the allegations against them, it is clear that the state is the real party in interest. The "general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Id.* at 104 (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). Further, the State Bar of Texas is a state agency that is protected from suit in federal court by Eleventh Amendment immunity. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994). Accordingly, the State Bar Defendants are entitled to sovereign immunity and dismissal of the claims against them without prejudice.

### III.  LEAVE TO AMEND

"As a general rule, a court should not dismiss a *pro se* complaint without affording the plaintiff the opportunity to amend.  Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). However, the court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'"  *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009).  Here, Plaintiff has previously been granted leave to amend, and no further amendment can overcome the sovereign immunity bar as to the State Bar Defendants.  Thus, granting additional leave to amend would be futile and only cause needless delay.

### IV.  RECOMMENDATION

For the foregoing reasons, the State Bar Defendants' *Motions to Dismiss*, Doc. 29, Doc. 30 & Doc. 31, should be **GRANTED**, and Plaintiffs' claims against them should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on February 10, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).