IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY, INDIVIDUALLY, | § | |
| STEVEN B. AUBREY, AS BENEFICIARY | § | |
| OF THE AUBREY FAMILY TRUST, AND | § | |
| BRIAN E. VODICKA, | § | |
|     PLAINTIFFS, | § | |
| V. | § | CASE No. 3:19-CV-2792-N-BK |
| | § | |
| THE ESTATE OF IRA TOBOLOWSKY, | § | |
| MICHAEL B. TOBOLOWSKY, FAITH G. | § | |
| BURK, STEPHEN SCHOETTMER, DAVID | § | |
| P. HENDRICKS, ERIC V. MOYE, | § | |
| DONALD J. COSBY, RICHARD B. | § | |
| AUBREY, JR., BETSY S. AUBREY, AS | § | |
| INDEPENDENT EXECUTRIX OF THE | § | |
| ESTATE OF RICHARD BUCK AUBREY, | § | |
| DECEASED, RACHEL ANN CRAIG, | § | |
| ROBIN L. LANDIS, AND JACKIE K. | § | |
| WHEELINGTON, | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. The Court now considers the *Motions to Dismiss* filed by Defendants Faith Burk, Stephen Schoettmer, and Betsy S. Aubrey. Doc. 39; Doc. 42; Doc. 60.[1] As detailed herein, the motions should be **GRANTED**.

---

[1] Some of the arguments these Defendants make are identical. Accordingly, where applicable, the Court will cite only to the first-filed motion for ease of reference.

## I. BACKGROUND

In the first amended complaint, Steven[2] alleges that Faith Burk ("Burk"), aided and abetted in the breach of fiduciary duties and committed fraud in probating the estate (the "Aubrey Estate") of Steven's father, Dr. Richard Buck Aubrey ("Dr. Aubrey"). *See* Doc. 37 at 9-14 and *passim*; Doc. 37 at 76-78. Steven next alleges that Betsy Aubrey ("Betsy"), Steven's mother, and certain other Defendants committed various wrongful acts in connection with the probate of the Aubrey Estate and administration of the Aubrey Family Trust. Doc. 37 *passim*. Finally, Plaintiffs jointly assert that Stephen Schoettmer ("Schoettmer"), as counsel for Ira Tobolowsky ("Ira") and his son Defendant Michael Tobolowsky ("Michael"), violated numerous laws, largely in connection with the Tobolowskys' litigation against Plaintiffs. *Id.* In addition to monetary damages against all Defendants, Plaintiffs seek a declaratory judgment for an accounting against Betsy as executrix of the Aubrey Estate and removal of her as the trustee of the Aubrey Family Trust. Doc. 37 at 73-75, 92-94. These motions followed.

## II. APPLICABLE LAW AND ANALYSIS

### A. *Claims Against Betsy*

Betsy moves to dismiss Plaintiffs' complaint based on, *inter alia*, the doctrine of res judicata, claiming that the same issues at stake here have been litigated and decided in state court. Doc. 39 at 13-14 (citing *Aubrey v. Aubrey*, Cause No. DC-15-11685, 14th District Court, Dallas County (2015), *aff'd* 523 S.W.3d 299, 301 (Tex. App.—Dallas 2017)).

Because the prior judgment at issue was issued in Texas state court, this Court must give those judgments the preclusive effect they would be given under Texas law. *EEOC v. Jefferson*

---

[2] Where Steven Aubrey is the sole Plaintiff raising the claim, the Court refers to him only as Steven.

*Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quotation omitted). In Texas court, a party seeking to have an action dismissed based on *res judicata* must show (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) that the same parties, or those in privity with them, were involved in the prior case; and (3) that the second action is based on the same claims that were raised, or on claims that could have been raised, in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). "The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties . . . not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992).

In *Aubrey v. Aubrey*, Steven sued Betsy, alleging that she was mismanaging the Aubrey Family Trust and seeking to remove her as trustee, just as he does in this case. *See* 523 S.W.3d at 302-03. The trial court dismissed the case with prejudice, declared Steven a vexatious litigant, and granted Betsy sanctions. *Id.* On appeal, the reviewing court found that there was not a reasonable probability that Steven would prevail on the merits of his claims and upheld his status as a vexatious litigant. *Id.* at 313-15. Thus, there is no question that Plaintiffs' claims against Betsy are barred by res judicata. *Amstadt*, 919 S.W.2d at 652.

B. *Claims Against Schoettmer*

Plaintiffs allege that Schoettmer was a "long-term associate" of Ira's who (1) represented Ira and Michael in their personal litigation, including in a defamation case Ira brought against Plaintiffs, which consumes the bulk of their claims against him, Doc. 37 at 6, 35-38, 43-46, 52-54, 58-61, 63-69, 86-87; (2) together with Michael, stalked Plaintiffs via Twitter by implying that they were responsible for Ira's death and posting their address in violation of Florida Statute

3

§ 784.048, Doc. 37 at 69-70; (3) together with Michael, invaded Plaintiffs' privacy by publicly disclosing private facts about them on Twitter, Doc. 37 at 70-71; and (4) intruded upon Steven's private affairs and intentionally caused him emotional distress by attempting to access his financial accounts, Doc. 37 at 71, 79.

As Schoettmer argues, Doc. 42 at 14, the majority of Plaintiffs' claims are barred by the attorney immunity doctrine, which "is properly characterized as a true immunity from suit," not merely as a defense against liability. *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016). The doctrine "stems from the broad declaration that attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages" to non-clients. *Id.* (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)) (internal quotation marks omitted). As noted above, almost all of Plaintiffs' claims against Schoettmer pertain to the parties' litigation-related activities. That leaves only the stalking, invasion of privacy, and emotional distress claims.

Schoettmer alleges that (1) the stalking claim does not assert a Texas cause of action; (2) there exists no "invasion of privacy" or "public disclosure of private facts" claims under Texas law; and (3) Steven's emotional distress claim is time-barred. Doc. 42 at 22-24. Schoettmer's arguments are partly correct. Florida Statute section 784.048 is a criminal statute and does not provide a private cause of action for damages. *See Krapacs v. Bacchus*, 301 So. 3d 976 (Fla. 4th DCA 2020). There do exist, however, causes of action in Texas for invasion of privacy based on the public disclosure of private facts and for intrusion upon seclusion. *See Lowe v. Hearst Comm'n*, Inc., 487 F.3d 246, 250 (5th Cir. 2007); *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). Nevertheless, these claims, as well as Steven's claim for intentional infliction of emotional distress, are barred by the two-year statute of limitations. *See* TEX. CIV. PRAC. & REM.

CODE § 16.003(a). Accordingly, all of Plaintiffs' claims against Schoettmer are subject to dismissal.

    C.  *Claims Against Burk*

Burk also seeks dismissal based on the doctrine of attorney immunity. Doc. 39 at 14-15. Burk was Ira's law partner in a two-person firm. Doc. 37 at 2. Plaintiff alleges that (1) when Dr. Aubrey passed away in 2004, Burk extended to Betsy an offer to probate and administer the Aubrey Estate free of charge because Burk was close friends with Betsy's oldest son Buck, who paid the firm's invoices, Doc. 37 at 10, 26; (2) Burk and other Defendants advised Betsy to ignore Steven's demands to Betsy for accountings of the Aubrey Family Trust, Doc. 37 at 14; (3) Burk had three sham real property transactions publicly recorded on behalf of Betsy and Buck, Doc. 37 at 20; and (4) Burk brought Ira into the Aubrey Estate probate case to improperly influence the presiding judge, Doc. 37 at 52. As is apparently from the face of these allegations, Steven's claims against Burk stem solely from litigation-related activities and are thus precluded by the attorney immunity doctrine. *Troice*, 816 F.3d at 346. Accordingly, Steven's claims against her should be dismissed.

**III. LEAVE TO AMEND**

"As a general rule, a court should not dismiss a *pro se* complaint without affording the plaintiff the opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, the court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009)). Here, Plaintiffs have previously amended their complaint, and no further amendment can overcome the fatal infirmities discussed above. Thus, granting additional leave to amend would be futile and only cause needless delay.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss, Doc. 39, Doc. 42 & Doc. 60, the motions should be **GRANTED** and the claims against them should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 11, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).